UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GEORGE WILLIAMS, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01734-JMS-TAB |
| | ) | |
| TRENT ALLEN, | ) | |
| | ) | |
| *Respondent*. | ) | |

**ORDER**

Petitioner George Williams filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He challenged a prison disciplinary proceeding in which he was found guilty of trafficking and sanctioned with a demotion in one level of good-time credit-earning class, along with other non-custodial sanctions not relevant to this proceeding. [Filing No. 11-4 at 2.] The Court took his Petition under advisement and ordered the Respondent to either submit to an evidentiary hearing or vacate Mr. Williams' sanctions and recalculate his sentence. [Filing No. 16.] The Respondent chose to vacate and recalculate. [Filing No. 17-1 at 1 (vacating sanctions); Filing No. 17-2 (recalculating good-time credits).] The Respondent has now filed a Motion to Dismiss Petition as Moot, [Filing No. 17], which is ripe for the Court's consideration.

**I.**
**DISCUSSION**

The Respondent argues that Mr. Williams' Petition "should be dismissed as moot because the Indiana Department of Corrections has designated the case for rehearing and vacated the sanction affecting [Mr.] Williams' liberty interest" and has also recalculated his sentence. [Filing No. 18 at 1-3.]

1

Mr. Williams opposes the Motion to Dismiss, arguing that his disciplinary sanctions should only be vacated, and that the Respondent ought not schedule a rehearing for the charge against him. [Filing No. 19 at 1.]

The Respondent did not file a reply.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Brown v. Watters, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). To be considered "in custody" for purposes of a challenge to a prison disciplinary conviction, the petitioner must have been deprived of good-time credits, Cochran v. Buss, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, Montgomery v. Anderson, 262 F.3d 641, 644-45 (7th Cir. 2001).

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. See Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (quoting Mills v. Green, 159 U.S. 651, 653 (1895)); Honig v. Doe, 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (internal citations omitted).

This action is moot because Mr. Williams' Petition no longer challenges a disciplinary action that affects the fact or duration of his custody. The case must be dismissed for lack of jurisdiction. Board of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L., 89 F.3d 464,

467 (7th Cir. 1996), *cert. denied,* 520 U.S. 1198 (1997).  When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

  This result is required despite the fact that the matter is set for rehearing.  The issues raised in Mr. Williams' Petition concern the original disciplinary proceeding.  Any challenges to the rehearing must be specific to that disciplinary proceeding, and Mr. Williams must raise them in a new habeas action after exhausting administrative appeals.

  Mr. Williams indicates that the Respondent "did not do as this Court asked."  [Filing No. 19 at 2.]  The Court's Order required the Respondent to submit to an evidentiary hearing or to vacate Mr. Williams's sanctions and recalculate his good-time credits and sentence.  [Filing No. 16 at 13.]  The Respondent has chosen to vacate and recalculate and thus has properly followed the Court's Order.  [Filing No. 17-1 at 1 (vacating sanctions); Filing No. 17-2 (recalculating good-time credits).]

  As to setting a rehearing in connection with Mr. Williams' original charge, the Seventh Circuit has held that "even 'an acquittal in an earlier prison disciplinary hearing is no bar to a subsequent hearing to consider the very same charge.'"  *Shroyer v. Cotton*, 80 F. App'x 481, 485 (7th Cir. 2003) (quoting *Meeks v. McBride,* 81 F.3d 717, 722 (7th Cir.1996)).  Therefore, the Respondent is not prohibited from rehearing the charge against Mr. Williams.

## II.
### CONCLUSION

The Respondent's Motion to Dismiss [17], is **GRANTED** and this action is **DISMISSED** **without prejudice** for lack of jurisdiction.  Final judgment shall issue accordingly.

Date: 5/30/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

GEORGE WILLIAMS
200566
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov